UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                    :

NORMAN LONG                        :    **COMPLAINT**

                 Plaintiff,        :

               -against-        :    JURY TRIAL DEMANDED

POLICE OFFICERS RICHARD ALERTE (tax no.  :
929599); MARILUZ BENITEZ, (tax no. 917041);  :
BRIAN CHICHOTKY (tax no. 918020); ANGEL  :
THEVENIN, (tax no. 949724), PIOTR ZEBROWSKI,  :
(tax unknown); and "JOHN DOES" 1-6 (*the names*  :
*John Doe being fictitious, the real names being*  :
*currently unknown*)  :
               Defendants.     :
------------------------------------------------------------------ X

       Plaintiff NORMAN LONG, by and through his attorneys, **THE LAW OFFICES OF**

**KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows

the Court and alleges:

### PRELIMINARY STATEMENT

1.     This is a civil rights action in which the Plaintiff seeks relief for the defendants'

violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and

1983; by the United States Constitution, including its First, Fourth, Fifth, Sixth and

Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2.     The claims arise from a July 6, 2017 incident in which members of the New York

City Police Department ("NYPD"), acting under color of state law, intentionally and willfully

subjected Plaintiff to Conspiracy, Denial of the Right to Fair Trial, Excessive and

Unjustified use of Force, False Arrest, Failure to Intervene, and Unlawful Seizure of

Property.

3.     The Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of attorney's fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4.     Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343 and 1367(a).

5.     The Plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

6.     Venue herein is proper for the United States District Court for the Southern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## JURY DEMAND

7.     Plaintiff demands a trial by jury in this action.

## PARTIES

8.     Plaintiff NORMAN LONG is a thirty-one-year-old male who at all times hereinafter mentioned was and is a resident of the State of New York.

9.     Defendants police officers RICHARD ALERTE (tax no. 929599); MARILUZ BENITEZ, (tax no. 917041); BRIAN CHICHOTKY (tax no. 918020); ANGEL THEVENIN, (tax no. 949724), PIOTR ZEBROWSKI, (tax unknown); and "JOHN DOES[1]" 1-6 are and were at all times relevant herein duly appointed and acting officers, servants, employees

---

[1] The names "John Doe" being fictitious, the real names being presently unknown.

and agents of the City of New York ("CITY"), specifically, the New York City police Department ("NYPD").

10.     Defendants Alerte, Benitez, Chichotky, Thevenin, Zebrowski and *"Does"* are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the CITY, were acting for, and on behalf of, and with the power and authority vested in them by the CITY and the NYPD, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

11.     The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

12.     On July 6, 2018, defendant Police officers executed a search warrant at 487 Carlton Avenue, Apt. 25K, an apartment containing multiple units where Plaintiff lives along with other individuals.

13.     The warrant, "Special Warrant No. 0883/2017 was drafted by an Assistant District Attorney from the Manhattan District Attorney's Office *Special Narcotics Bureau,* and bears the imprimatur of the Bridget G. Brennan, Special Assistant District Attorney, and the address of 80 Centre Street, New York, New York.

14.     The search warrant application was drafted by defendant Richard Alerte, and approved by an assistant district attorney from the New York County district attorney's office.

15.     Defendant Alerte took the warrant application to Manhattan Criminal Court to obtain a judicial signature.

3

16.    The warrant was signed by a Manhattan Criminal Court judge (the Honorable Heidi Cesare).

17.    Upon the execution of the warrant, defendant Alerte filed an inventory of the items seized pursuant to the search warrant in Manhattan Criminal Court.

18.    Plaintiff was arrested and charged with Criminal Possession of a Controlled Substance in the Seventh Degree, under New York Penal Law section 220.03, a class "A" misdemeanor crime.

19.    The alleged basis for the arrest was a small quantity of oxycodone that was recovered from Plaintiff's room pursuant to the execution of the search warrant.  However, Plaintiff was in *lawful* possession of the oxycodone since it had been prescribed to Plaintiff by a physician, and the bottle in which the pills were recovered, bearing Plaintiff's name, was a clear indication that the pills were in Plaintiff's possession legally.

20.    However, the defendant Police Officers *ignored* the lawful, prescribed nature of the medication and arrested Plaintiff, notwithstanding his protests and verbal reinforcement of the information on the pill bottle, namely that it was prescribed to Plaintiff.

21.    Additionally, defendant officers seized a quantity of United States Currency from Plaintiff, seizing a bottle in which the money was stored from Plaintiff's closet.

22.    Defendant officers illegally *converted* the money by failing to return it, to voucher it, or document its seizure in *any* way, in effect making the money vanish into thin air.

23.    Plaintiff, was held for approximately twenty-four hours before he was arraigned, under docket number 2017KN037776 in Kings County Criminal court.

24.    A prosecutor from the Kings County District Attorney made an offer to Plaintiff: Mr. Long could "resolve" the case with a plea of guilty to an "added" charge of Disorderly

Conduct.  In other words, if Plaintiff would falsely plead guilty to "acting disorderly" the charge of possessing (the lawful) oxycodone would be "dropped".

25.     Plaintiff, however declined this offer and entered a plea of not-guilty[2].

26.     Mr. Long was released on his own recognizance, and returned to court four times, renewing his not-guilty plea on all of those occasions.

27.     Mr. Long challenged the legality of the search warrant at issue in the case, the search warrant application by defendant Alerte, and the *basis* for the search warrant.

28.     In effect conceding Mr. Long's position, the prosecution declined to oppose the motion to suppress the search warrant.

29.     On or about January 30, 2018, the district attorney moved to dismiss the charges against Plaintiff in their entirety.

## GENERAL ALLEGATIONS

30.     Plaintiff was not in violation of any laws or ordinances on the date, time and place in question.

31.     Plaintiff was *not* in unlawful possession of any controlled substances.

32.     Plaintiff's oxycodone was lawfully possessed, since it was prescribed by a physician.

33.     Defendants conspired among themselves to arrest Plaintiff even though there was no probable cause to do so, and conspired to hide the lawful, prescribed nature of the oxycodone pills from the District Attorneys charged with prosecuting the case, and to unlawfully seize $5000 from Plaintiff by removing it from his closet where the money was

---

[2] As a result, Mr. Long paid a Criminal Court "Time Tax", returning to Court some four times, spending several (or more) hours on *each* of those four returns to Court, before the District Attorney finally moved to dismiss the charges completely.

stored inside of a bottle, and not returning it, vouchering it or otherwise documenting the money or its seizure.

34. Plaintiff complained of the above conduct to the New York City Police Department's *Internal Affairs Bureau* and was interviewed regarding the substance of his complaint on at least one occasion.

35. The individual defendant police officers acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by said defendant police officers were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendant officers acted maliciously, willfully, knowingly, and with the specific intent to deprive Plaintiff of his rights.

36. As a direct and proximate result of the acts of defendants, Plaintiff suffered the following injuries and damages:

> a) Violation of Plaintiff's rights, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, to be free from the seizure of his property;

> b) Violation of Plaintiff's rights, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, to be free from excessive use of force;

> c) Violation of Plaintiff's rights, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, to be free from unlawful arrest;

> d) Violation of Plaintiff's rights, pursuant to the Fifth and the Fourteenth Amendments to the United States Constitution, to Due Process of Law;

e) Violation of Plaintiff's rights, pursuant to the Sixth and the Fourteenth Amendments to the United States Constitution, to a Fair Trial;

f) Fear, embarrassment, annoyance, humiliation, distress, frustration, extreme inconvenience and anxiety;

g) Loss of Liberty,

h) Loss of Time,

i) Loss of Property.

## FIRST CLAIM
### (UNLAWFUL SEIZURE UNDER FEDERAL LAW)

37.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

38.     On the above incident date, defendant police officers Alerte, Benitez, Chichotky, Thevenin, Zebrowski, "*John Does*" 1-6 unlawfully seized a sum of five thousand dollars United States Currency belonging to plaintiff and unlawfully retained the bulk of said money, vouchering only $113 dollars[3], and neither returning the balance ($4887) to Plaintiff, nor vouchering it nor inventorying it, in effect, making the $4887 balance *vanish*.

39.     In addition, the above-named defendants also unlawfully seized a quantity of prescription medication from Plaintiff's home.

40.     Accordingly, defendant police officers Alerte, Benitez, Chichotky, Thevenin, Zebrowski, "*John Does*" 1-6 are liable to Plaintiff for Unlawful Seizure under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution.

---

[3] The vouchering officer (Thevenin) falsely labeled it as having been recovered from plaintiff's person.

41.     As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## SECOND CLAIM
### (EXCESSIVE AND UNREASONABLE USE OF FORCE UNDER FEDERAL LAW)

42.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

43.     On the above incident date, defendant police officers Alerte, Benitez, Chichotky, Thevenin, Zebrowski, "*John Does*" 1-6, used force upon arrested Plaintiff that was objectively unreasonable.

44.     The individual defendant officers did not have an objective and/or reasonable basis to use *any* degree of force against Plaintiff, since Plaintiff was not breaking any laws, was unarmed, compliant, and did not resist at all.

45.     Yet, the above-mentioned defendant police officers *did* use force against Plaintiff, restraining, and handcuffing him a use of force that was unreasonable given the lack of probable cause to arrest Plaintiff.

46.     Those defendants who did not touch Plaintiffs but witnessed the unlawful conduct, but failed to intervene and protect Plaintiffs from this conduct are also liable to Plaintiffs.

47.     Accordingly, Accordingly, defendant police officers Alerte, Benitez, Chichotky, Thevenin, Zebrowski, "*John Does*" 1-6 are liable to Plaintiff for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

48.     As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## THIRD CLAIM
### (FALSE ARREST UNDER FEDERAL LAW)

49.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein;

50.    On the above incident date, defendant police officers Alerte, Benitez, Chichotky, Thevenin, Zebrowski, "*John Does*" 1-6 1-10 falsely arrested Plaintiff without an arrest warrant, probable cause, or any reasonable suspicion that Plaintiff had committed or was in the process of committing a crime;

51.    Accordingly, defendant police officers Alerte, Benitez, Chichotky, Thevenin, Zebrowski, "*John Does*" 1-6 are liable to Plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution;

52.    As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### (FAILURE TO INTERVENE UNDER FEDERAL LAW)

53.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

54.    On the above described incident date, some of the defendant police officers did not have *direct* contact with Plaintiff but nonetheless had a reasonable opportunity to observe and to prevent the violations of Plaintiff's constitutional rights by their fellow officers, yet failed to intervene.

55.    Accordingly, those defendant police officers are liable to Plaintiff for Failing to Intervene to prevent the violation of Plaintiff's Constitutional rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

56.    As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## FIFTH CLAIM
## (CONSPIRACY UNDER FEDERAL LAW)

57.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

58.    On the above incident date, after defendant police officers Alerte, Benitez, Chichotky, Thevenin, Zebrowski, "*John Does*" 1-6 entered Plaintiff's apartment and seized Plaintiff, and seized property, including United States Currency, belonging to Plaintiff, said defendant officers conspired among themselves to unlawfully withhold said United States Currency and keep it for themselves by, among other things, failing to voucher the money per NYPD protocol, and failing to document the seizure of the money at all, making it, in effect, vanish.

59.    Defendants Alerte and some John Doe defendant police officers also conspired among themselves to falsely arrest Plaintiff on the alleged basis of unlawful possession of a controlled substance notwithstanding the fact that Plaintiff was in *lawful* possession of the medication pursuant to a physician's prescription and therefore there was a complete lack of probable cause to arrest Plaintiff.

60.    Accordingly, defendant police officers Alerte, Benitez, Chichotky, Thevenin, Zebrowski, "*John Does*" 1-6 are liable to Plaintiff for conspiracy under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution.

61.    As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
## (DEPRIVATION OF RIGHT TO FAIR TRIAL UNDER FEDERAL LAW)

62.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

63.     Defendant police officers Alerte, Benitez, Chichotky, Thevenin, Zebrowski, "*John Does*" 1-6 fabricated an allegation of probable cause for Plaintiff's arrest—that his prescription pills were unlawful, despite evidence to the contrary, and presented same to prosecutors while wholly concealing from them any evidence they were aware of that Plaintiff had, indeed, possessed the pills lawfully, pursuant to a prescription.

64.     As a result of this, plaintiff was deprived of liberty, including, but not limited to, the time he was detained at his home and in police custody on the date of the warrant execution, the time Plaintiff was held prior to his arraignment (approximately twenty-four hours), and the time lost to Plaintiff during the four court appearances he was required to attend—on penalty of bench warrant and arrest—before the District Attorney dismissed the charges in their entirety.

65.     As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiff sustained the damages alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988; and,

d.  Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.


Dated: Brooklyn, New York
      July 1, 2019

Respectfully submitted,

Kenneth F. Smith

Kenneth F. Smith, PLLC
16 Court Street, Suite 2901
Brooklyn, NY 11241
(646) 450-9929
(646) 514-4524 (FAX)
*Counsel for Plaintiff Norman Long*